Wilde J.
delivered the opinion of the Court. It being admitted that the notes and checks claimed by the plaintiff were originally valid contracts, he is entitled to recover, unless these demands have been discharged, as the defendant contends they have been, by a compromise made with the plaintiff’s intestate. The defendant having met with misfortunes in business and being unable to pay the full amount of his debts, the intestate agreed to relinquish a part of his claims, on the condition that the residue should be paid by instalments at the times specified in the new agreement. But the old notes were *557 not discharged, but were to be retained by the plaintiff’s intestate to await the performance of the condition of the new agreement. The condition was, that if the new notes, taken in pursuance of the agreement, or any of them, should not be paid when due, then the intestate was to be at liberty to enforce the payment of the original notes and checks, indorsing on them such sums, if any, as might be paid on the new notes, and giving up such as might remain unpaid to be cancelled. One of the new notes was duly paid. Another became payable, but was not paid the day it fell due. The defendant offered to pay it the day after, but this the plaintiff declined, insisting on bis strict legal rights, which he conceived he had no right to waive, acting as he did as trustee of the heirs and creditors. The question then is, whether the non-payment of the note on the day it fell due was a breach of the condition of the new contract ; and we can entertain no doubt that it was.[1]
The condition will bear no other construction than the one contended for by the counsel for the plaintiff. The object of the condition was, to insure the punctual payment of the new notes, under a penalty.
It has been argued that the action was prematurely commenced, as the plaintiff’s right of action did not revive on the old notes and checks until he had indorsed the money paid on one of the new notes and had given up the others. But if this were necessary, it appears to have been seasonably done ; it being admitted that the indorsement was made before the delivery of the writ to the officer. But we apprehend this was not necessary, provided the plaintiff was ready to do it; for we do not consider the indorsement of the money and giving up the new notes as a condition precedent. His right of action revived immediately on the breach of the condition by the nonpayment of one of the notes. He would not however be entitled to judgment until he had performed the stipulation on his part in relation to the new notes.
Motion to take off the default overruled.

 See Makepeace v. Harvard College, 10 Pick. 305.